UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN DOUGLAS MEDLEY, } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | Case No.: 5:14-CV-00287-MHH |
| } | |
| CAROLYN W. COLVIN } | |
| Commissioner of the } | |
| Social Security Administration, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c), claimant John Douglas Medley seeks judicial review of a final adverse decision of the Commissioner of Social Security denying his claims for a period of disability and disability insurance benefits and supplemental security income. After careful review, the Court affirms the Commissioner's decision.

**STANDARD OF REVIEW**:

The scope of review in this matter is limited. "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [his] 'legal conclusions with close

1

scrutiny.'" *Riggs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's findings. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In making this evaluation, the Court may not "reweigh the evidence or decide the facts anew," and the Court must "defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 930 (11th Cir. 2013) (citing *Dyer v. Barnhart*, 395 F.2d 1206, 1210 (11th Cir. 2005)).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards. If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis, then the Court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

**PROCEDURAL AND FACTUAL BACKGROUND:**

Mr. Medley applied for disability insurance benefits on July 22, 2011 and supplemental security income on August 2, 2011. (Doc. 5-6, pp. 109-110)  He alleges that his disability began July 15, 2011. (Doc. 5-6, pp. 109-110). The Commissioner initially denied Mr. Medley's claims, and Mr. Medley requested a hearing before an Administrative Law Judge (ALJ). (Doc. 5-5, pp. 4-6 & Doc. 5-3, pp. 22-23). Mr. Medley appeared before the ALJ and testified at the hearing on September 7, 2012. (Doc. 5-3, pp. 26-52). The ALJ denied Mr. Medley's claim on October 5, 2012. (Doc. 5-3, pp. 8-21).  On January 14, 2014, the Appeals Council declined Mr. Medley's request for review (Doc. 5-3, pp. 2-7), making the Commissioner's decision final and a proper subject of this Court's judicial review. *See* 42 U.S.C. §§ 405(g) and 1383(c)

Mr. Medley was 42 years old at the time of the hearing, and he had a tenth grade education. (Doc. 5-3, pp. 16, 20).  Mr. Medley has past relevant work as a painter. (Doc. 5-6, pp. 15, 16).  Mr. Medley claims he cannot work due to degenerative disc disease.  (Doc. 5-3, p. 14).  At the hearing Mr. Medley testified that he has pain in his lower back on the right side, which goes into his hip and sometimes causes tingling in his leg. (Doc. 5-3, pp. 30-31).  Mr. Medley also complained of knee pain, but he admitted that this pain was caused by a recent injury where he stepped in a hole and twisted his knee. (Doc. 5-3, p.31).  Before

this recent jury, Mr. Medley had knee pain occasionally due to a childhood knee injury. (Doc. 5-3, p. 31).

Mr. Medley testified that to relieve his pain, he must alternate among standing, walking, and sitting down. (Doc. 5-3, p. 31) According to Mr. Medley, the pain eases when he stands, straightens his back, and walks, but the pain comes back within 20 minutes. (Doc. 5-3, p. 32). Mr. Medley testified that he can walk for 20 minutes, and then he has to sit down for 20 to 30 minutes. He must repeat this cycle throughout the day. (Doc. 5-3, p. 37). When he takes his medication as prescribed, Mr. Medley rates his pain as a seven on a 10-point scale (Doc. 5-3, p. 37). One of Mr. Medley's doctors suggested treatment by injection, but Mr. Medley refused the treatment. (Doc. 5-3, p. 35). Although no doctor has prescribed a cane, Mr. Medley told the ALJ that he would not be able to walk more than a few feet without the cane. (Doc. 5-3, p 43).

Mr. Medley lives with his wife and young daughter. Mr. Medley cannot help with household chores. (Doc. 5-3, p. 32). Mr. Medley testified that he sits and watches television most of the day. He also takes brief walks. (Doc. 5-3, p. 32).

After conducting the hearing and reviewing the medical records that Mr. Medley submitted in support of his claim, the ALJ denied Mr. Medley's claim for benefits. (Doc. 5-3, pp. 11-18). The ALJ found that Mr. Medley suffers from the severe impairment of degenerative disc disease. (Doc. 5-3, p. 13). The ALJ

determined that Mr. Medley's impairment does not meet the severity of listing 1.04 because the evidence fails to demonstrate compromise of a nerve root or the spinal cord. (Doc. 5-3, p. 13).

After careful consideration of the entire record, the ALJ concluded that Mr. Medley has the residual function capacity (RFC) to preform light work, except Mr. Medley can only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Doc. 5-3, p.14). Mr. Medley also should avoid unprotected heights. (Doc. 5-3, p. 14). In reaching this determination, the ALJ considered Mr. Medley's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the medical evidence and Mr. Medley's various statements, his testimony at the hearing in this matter, and the medical treatment history that Mr. Medley provided. (Doc. 5-3, p. 14). Based on Mr. Medley's age, education, work experience, and RFC, the ALJ found that there are jobs exist in the national economy and in Alabama that Mr. Medley can perform, including ticket marker, assembler, and mail sorter. (Doc. 5-3, p. 17). Accordingly, the ALJ determined that Mr. Medley is not disabled as defined in the Social Security Act. (Doc. 5-3, p 17).

## **ANALYSIS**

To be eligible for disability benefits, a claimant must be disabled. *Gaskin*, 533 Fed. Appx. at 930. "A claimant is disabled if he is unable to engage in substantial gainful activity by reason of a medically-determinable impairment that

can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A claimant must prove that he is disabled. *Id.* (citing *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003)). To determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential analysis.

> This process includes a determination of whether the claimant (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in the light of his residual functional capacity; and (5) can make an adjustment to other work, in the light of his residual functional capacity, age, education, and work experience.

*Gaskin*, 533 Fed. Appx. at 930 (citation omitted). "The claimant's residual functional capacity is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite his impairments." *Id.* at 930 (citing *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997)); *see also* 20 C.F.R. § 404.1545(a)(1).

Mr. Medley argues that he is entitled to relief from the ALJ's decision because: (1) the ALJ did not give proper weight to the opinion of Mr. Medley's treating physician, Dr. Aggarwal; (2) the ALJ improperly assigned "great weight" to the opinion of a non-examining state agency consultant; (3) the ALJ did not properly evaluate Mr. Medley's credibility; and (4) the ALJ's questions to the

vocational expert were not supported by substantial evidence. The Court examines these arguments in turn.

## I.     The ALJ Properly Evaluated Dr. Aggarwal's Opinion

An ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*; *see also Crawford*, 363 F.3d at 1159. "The ALJ must clearly articulate the reasons for giving less weight to a treating physician's opinion, and the failure to do so constitutes error. 'Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor.'" *Gaskin*, 533 F. Appx. at 931 (citing *Lewis,* 125 F.3d at 1440, and quoting *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179 (11th Cir. 2011)).

In this case, the ALJ articulated his reasons for affording Dr. Aggarwal's opinion less weight. Dr. Aggarwal's opinion that Mr. Medley is precluded from gainful employment due to severe pain and medication side effects contradicts his own medical records, as well as medical findings by other physicians. For example, Dr. Aggarwal's notes describe no side effects. His records do not

suggest that Mr. Medley complained about side effects from his pain medication. (Doc. 5-8, pp. 28-34). To the contrary, during clinic visits in March 2011, June 2011, and November 2011, Mr. Medley denied experiencing side effects from his medications. (Doc. 5-8, pp. 31-33). Dr. Aggarwal commented that Mr. Medley "has good days and bad days," and that Mr. Medley either has "continued pain despite the meds" or has "continued benefit with medication." (Doc. 5-8, pp. 11-14; 28-33).[1]

During Dr. Aggarwal's initial evaluation of Mr. Medley, Dr. Aggarwal found that Mr. Medley's motor strength was 5 out of 5 bilaterally and that Mr. Medley's sensation was intact. Mr. Medley's reflexes were 2+ bilaterally, but he did have a slow gait. (Doc. 5-8, pp. 13-14). A number of Dr. Aggarwal's follow-up treatment notes indicate that Mr. Medley experienced "moderate tenderness" in his lumbar muscles. (Doc. 5-8, pp. 28-32). However, Dr. Aggarwal conducted no additional testing and made no specific medical findings other than notes on three visits that Mr. Medley had a 25% reduction in range of motion in the lumbar spine.

---

[1] In his opinion, the ALJ offers the following accurate assessment of Dr. Aggarwal's treatment notes: "Dr. Aggarwal's notes reflect that the claimant has visited this pain clinic approximately every three months since February 9, 2011. The records for each visit are very similar. Dr. Aggarwal consistently notes that patient 'has good days and bad days' and also notes either 'continued pain despite the meds' or 'continued benefit with the medications.' The examination notes generally consist of the statement 'Patient has moderate tenderness in the lumbar paraspinal muscles. Neuromuscular exam is otherwise unchanged.' There are no specific tests described, nor any specific findings noted other than on three visits noting a 25% reduction in range of motion in the lumbar spine." (Doc. 5-3, p. 16).

(Doc. 5-3, p. 16; Doc. 5-8, pp. 30-32). These findings are inconsistent with Dr. Aggarwal's opinion that Mr. Medley cannot work due to severe pain. Thus, the Court finds good cause to give the treating physician's opinion less weight; in this respect, the ALJ's decision is supported by substantial evidence. *Crawford*, 363 F.3d at 1159–61 (finding that substantial evidence supported the ALJ's decision to discredit the opinions of the claimant's treating physicians where those physicians' opinions regarding the claimant's disability were inconsistent with the physicians' treatment notes and unsupported by the medical evidence); *see also Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 Fed. Appx. 862 (11th Cir. 2012) (substantial evidence supported the ALJ's decision to give less weight to a treating physician's opinion when the doctor's opinion was "inconsistent with the medical evidence on record and was not supported by any treatment notes or by an analysis of any test results").

## II.   The ALJ Properly Considered the Opinion of the State Agency Consultant

The ALJ was free to rely upon the opinion of state agency consultant Dr. Richard Whitney even though he never examined Mr. Medley. The Eleventh Circuit has recognized that the "opinions of non-examining, reviewing physicians, when contrary to the opinion of a treating physician, are entitled to little weight and do not, 'taken alone, constitute substantial evidence.'" *Gray v. Comm'r of Soc. Sec.*, 550 Fed. Appx. 850, 854 (11th Cir. 2013) (per curiam) (quoting

*Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)). Nevertheless, if an ALJ properly discounts a treating physician's opinion, then an ALJ may rely on opinions of non-examining physicians. *See Wainwright v. Comm'r of Soc. Sec.*, 2007 WL 708971 (11th Cir. Mar. 9, 2007) (per curiam) (holding that the ALJ properly assigned substantial weight to non-examining sources when he rejected a treating psychologist's opinion and stated proper reasons for doing so); *Ogranaja v. Comm'r of Soc. Sec.*, 186 Fed. Appx. 848, 850-51 (11th Cir. 2006) (per curiam) (noting that an ALJ may consider reports and assessments of state agency physicians as expert opinions and finding that the ALJ's decision was supported by substantial evidence because the ALJ "arrived at his decision after considering the record in its entirety and did not rely solely on the opinion of the state agency physicians.").

The ALJ adopted Dr. Whitney's RFC after properly rejecting the other opinion evidence of record and considering other medical evidence in the record that did not support Mr. Medley's reports of disabling limitations. Therefore, substantial evidence supports the ALJ's decision to deny benefits. *See e.g.*, *Forrester v. Comm'r of Soc. Sec.,* 455 Fed. Appx. 899, 902-03 (11th Cir. 2012) ("[T]he ALJ did not err by relying on the opinions of the non-treating physicians, taken alone, in a way that left its decision unsupported by substantial evidence. The evidence supported a contrary conclusion to [the claimant's examining

physician's] opinion, and the ALJ was not prohibited from reaching that conclusion simply because non-treating physicians also reached it."); *Osborn v. Barnhart*, 194 Fed. Appx. 654, 667 (11th Cir. 2006) (per curiam) (holding that the ALJ did not err in giving more weight to a non-examining physician and minimal weight to the treating physician because the treating physician's opinion was not supported by objective medical evidence).

### III. Substantial Evidence Supports the ALJ's Credibility Finding

The Eleventh Circuit applies a three part pain standard when a claimant attempts to establish disability based on subjective complaints of pain.

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart,* 284 F.3d 1219, 1225-26 (11th Cir. 2002) (per curiam) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Id.* at 1225. (Internal citation omitted).

The ALJ found that Mr. Medley's degenerative disc disease "could reasonably be expected to cause [his] alleged symptoms." (Doc. 5-3., p.15). But, according to the ALJ, Mr. Medley's "statements concerning the intensity, persistence and limiting effects of [his] symptoms" are not credible. (Doc. 5-3, p.

11

15). In support of this conclusion, the ALJ made the following findings: (1) Mr. Medley received limited treatment since his alleged onset date; (2) Mr. Medley's medical records indicate that he benefitted from his pain medication;[2] (3) although Mr. Medley testified that he experiences constant pain at a seven on a 10-point scale, Mr. Medley told his doctor that "he has good days and bad days";[3] (4) before Mr. Medley's alleged onset date, he "reported experiencing low back pain for five years, but then stated at another visit with his physician that he had back pain for 10 to 15 years"; (5) Mr. Medley told one doctor that his "back gave out on him when he bent over, but later stated that he had no specific injury and did not mention that episode"; (6) Mr. Medley's work despite back pain 10 to 15 years ago "suggests that [the pain] would not currently prevent work"; (7) Mr. Medley walked with a cane at the hearing and testified that he needed the cane to walk, but no treating source prescribed a cane; and (8) Mr. Medley complained of muscle spasms "most of the time," but Mr. Medley's medical records refer to spasms only three times.[4] (Doc. 5-3, p 15).

The record supports the ALJ's credibility findings. In the Disability Report that he completed, Mr. Medley answered "no" when asked if his condition caused

---

[2] During two visits with Dr. Aggarwal, Mr. Medley reported continued pain despite his medication. (*See* Doc. 5-8, pp. 28-29). But, on five separate visits, Mr. Medley reported that he benefitted from his medication. (*See* Doc. 5-8, pp. 11, 12, 30, 31, 32).

[3] *See* Doc. 5-8, pp. 28-33.

[4] *See* Doc. 5-8, pp. 5, 29-30.

pain or other symptoms. (Doc. 5-7, p. 6). When Dr. Newlin examined Mr. Medley, Mr. Medley stated that his injury was due to "toting concrete in a wheelbarrow." (Doc. 5-8, p. 8). In another statement to his treating physician, Dr. Aggarwal, Mr. Medley stated that he had back pain in the same level of intensity for 10-15 years. (Doc. 5-8, p. 13).

When Dr. Saranya Nadella examined Mr. Medley, he complained that he had suffered from lower back pain for five years. (Doc. 5-8, p. 27). Dr. Nadella found Mr. Medley to have no acute distress, no focal motor deficits in the lower extremities, no focal sensory deficits, and deep tendon reflexes of 2 out of 4 bilaterally. (Doc. 5-8, pp. 26-27). Dr. Nadella found that Mr. Medley showed severe spondylitis at the L5-S1 and L1-L2 levels. (Doc. 5-8, p. 27). Dr. Nadella recommended a course of treatment that included a lumbar epidural steroid injection and trigger point injections, but Mr. Medley refused to try either treatment option. (Doc. 5-8, p. 27). Mr. Medley asked to be referred to Dr. Aggarwal at the Chronic Pain Care Clinic instead. (Doc. 5-8, p. 27).

Even as late as July 25, 2012, Dr. Aggarwal noted that Mr. Medley had some moderate tenderness in the lumbar paraspinal muscles; otherwise Mr. Medley's neuromuscular exam was unchanged. (Doc. 5-8, p. 28). This change in muscle tenderness was the only change noted since the initial examination in February of 2011. (Doc. 5-8, pp. 11-15).

Discrepancies between Mr. Medley's testimony and other items in the record provide substantial evidence undermining his credibility. The ALJ did not err in her determination. *See Wilcox v. Comm'r of Soc. Sec.,* 442 Fed. Appx. 438 (11th Cir. 2011) (affirming the ALJ's credibility determination because the ALJ "considered [the claimant's] testimony together with all of the medical evidence in the record"). Because the ALJ properly applied the pain standard and "articulated the reasons for discrediting [Mr. Medley's] subjective testimony," the ALJ was not required to accept Mr. Medley's testimony as true. *See id.* (citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)).

## IV. Substantial Evidence Supports the ALJ's Hypothetical Questions to the Vocational Expert

For the testimony of a VE to "constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson*, 284 F.3d at 1227 (internal citation omitted). However, when an ALJ questions a VE about the capabilities of the claimant, the Eleventh Circuit has held that the ALJ is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford,* 363 F.3d at 1158; *see also Allen v. Barnhart*, 174 Fed. Appx. 497 (11th Cir. 2006).

Based upon his review of Mr. Medley's testimony and the medical evidence, the ALJ posed a number of hypotheticals to the VE. (Doc. 5-3, pp. 45-48). Based upon these hypotheticals, the VE responded that an individual with Mr. Medley's

14

age, education, work experience, and RFC could perform jobs including assembler, ticket taker, and mail sorter. (Doc. 5-3, pp. 45-46). Mr. Medley asserts that the hypothetical questions did not include all of Mr. Medley's impairments because the ALJ told the VE that "what [Mr. Medley] testified to, is not really important as to this particular hypothetical." (Doc. 5-3, p. 49). The hearing transcript indicates that the ALJ attempted to clarify Mr. Medley's counsel's hypothetical. The ALJ permitted Mr. Medley's counsel to ask a series of questions of the VE; the ALJ did not limit the number of questions. Despite Mr. Medley's argument to the contrary, the ALJ was not required to include in his hypothetical impairments that are not supported by the record. The ALJ did not improperly limit the hypothetical questions that Mr. Medley's attorney posed to the VE. Substantial evidence supports the ALJ's finding that Mr. Medley's description of the limiting effects of his symptoms is inconsistent with the record. *See Crawford*, 363 F.3d at 1158. The ALJ's hypothetical questions to the VE represented all of Mr. Medley's impairments that were supported by the record. *See id.*

## **CONCLUSION**

For the reasons discussed above, the Court finds that the ALJ's decision is supported by substantial evidence, and the ALJ applied proper legal standards. The Court will not reweigh the evidence or substitute its judgment for that of the

Commissioner. Accordingly, the Court affirmed the Commissioner. The Court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 23, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE